This case is a declaratory judgment action brought by R.A. Owens Construction Company, Inc. (Owens), against Employers Insurance Company of Alabama (Insurer) to determine the rights and liabilities of the parties under certain policies of insurance issued by Insurer to Owens.
In 1972 Owens built a house for a Mr. and Mrs. Ginwright, completing it in August of that year. In January of 1980, the Ginwrights filed a suit against Owens alleging that Owens, through either breach of agreement, negligence, breach of warranty, or misrepresentation, failed to perform its contract with the Ginwrights to build a house with a front porch constructed on a four-inch concrete slab on fill. Instead, the Ginwrights alleged that Owens built a suspended slab porch on a wooden frame. It was alleged by the Ginwrights that moisture, originating with the wooden frame, caused part of their house to rot and thereby damaged the house. The complaint also alleged that, as a result of the negligence or breach of agreement by a termite company (another party), their house had suffered termite damage. The complaint alleged that the damage was discovered in June, 1979, which was some seven years after Owens completed work on the house. When he was served with this complaint, Owens called upon the Insurer to defend the suit. When the Insurer refused to do so, Owens filed this action for declaratory judgment.
The trial court granted summary judgment in favor of the Insurer and Owens appealed. We affirm.
The record shows that Owens purchased from the Insurer "manufacturers' and contractors' liability insurance and premises medical payments insurance." "Completed operations and products liability insurance" was offered by the Insurer but this coverage was not obtained by Owens. Both of the coverages which Owens did obtain specifically excluded "completed operations hazard." The policies obligated the Insurer to pay for damages "caused by an occurrence." An occurrence is defined in the policy as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured." "Completed operations hazard," which is excluded from the "manufacturers' and contractors' liability insurance and premises medical payments insurance," which Owens bought, is defined in the policy as follows:
 "Completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished *Page 1182 
in connection therewith. Operations shall be deemed completed at the earliest of the following times:
 (1) when all operations to be performed by or on behalf of the named insured under the contract have been completed. . . .
Therefore, no occurrence as defined in the policy occurred within the policy period. Owens did not purchase the "completed operations hazard" coverage and, as that coverage is defined in the policy, it is expressly excluded from the coverage which he did purchase. It follows, therefore, that the Insurer is not obligated to defend the Ginwrights' suit against Owens.Employers Insurance Company of Alabama, Inc. v. Rives,38 Ala. App. 411, 87 So.2d 646 (1953). In that case, the Court of Appeals, faced with a policy similar to the one involved here, relied on Baker v. Maryland Casualty Co., 73 R.I. 411,56 A.2d 920 (1948), which in turn involved similar provisions, and quoted with approval the following from Baker:
 "The policy here definitely excludes coverage for accidents occurring after the plaintiff [insured] had `completed or abandoned' her work on the Winklers' [plaintiffs in the suit against the insured] premises. It is manifest from the evidence that plaintiff [insured] herself considered * * * that she had completed her work there after her employees had left the premises on March 24, 1944. Whether she had completed her work to the satisfaction of the Winklers so as to be entitled to payment therefor is of no importance in this litigation. For the purpose of this case, we have to consider only whether the plaintiff had completed her work on March 24, 1944, and had actually discontinued all further operations on the Winklers' premises after that date.
 "Under the exclusionary provision of division 3 of the policy . . . an accident occurring after the premises are abandoned is not covered by division 1. There can be no question that plaintiff abandoned operations on the Winklers' premises after she had satisfied herself on March 24, 1944, that no further operations on her part were required to complete the work which she had contracted to do on such premises. The evidence on that question is undisputed. An accident occurring after that date would therefore not fall within the plaintiff's contract of insurance."
38 Ala. App. 411, at p. 416, 87 So.2d 646.
On appeal, Owens contends that because it filed an affidavit in opposition to the Insurer's motion for summary judgment to the effect that the termite damage complained of in the Ginwrights' complaint could have occurred during the construction of the house, a fact question is made so as to defeat summary judgment. We cannot agree. There is nothing set out in the Ginwrights' complaint which constitutes an occurrence as defined in the policies before us. The Ginwrights' complaint charges Owens with breach of contract and tort liability. The Insurer insured Owens against an "occurrence" which is defined in the policy as an "accident . . . which results, during the policy period, in bodily injury or property damage. . . ." The policy expressly excluded completed operations and, therefore, the policy does not cover the Ginwrights' claim because the damage did not occur within the policy period. Mut v. Newark Insurance Co., 289 So.2d 237
(La.App. 1973). In Mut, the Louisiana court noted that since 1966, insurers have employed the term "occurrence" instead of the term "accident" so as to expressly provide that coverage is extended to accidents resulting in loss or damage during the policy period. This Court has held that insurers have a right to do that. Utica Mutual Ins. Co. v. Tuscaloosa Motor Co.,Inc., 295 Ala. 309, 329 So.2d 82 (1976).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 1183