STEAGALL, Justice.
John W. McDonald appeals from a judgment entered in favor of U.S. Die Casting and Development Company (hereinafter “U.S. Die Casting”) and David J. Slyman in an action alleging breach of an employment contract, conversion of steel McDonald says belonged to U.S. Die Casting, and conversion of a 1985 Lincoln Town Car. For a more thorough background of the facts of this case, see McDonald v. U.S. Die Casting & Development Co., 585 So.2d 853 (Ala.1991), and McDonald v. U.S. Die Casting & Development Co., 541 So.2d 1064 (Ala.1989).
The record in this case reveals that while the second appeal of this case was pending McDonald filed a motion to continue the trial of the issues of whether McDonald breached the employment contract and whether he converted the steel, and that the trial court denied that motion. McDonald petitioned this Court for a writ of mandamus directing the trial court to grant his motion to continue; this Court denied the petition. McDonald did not participate in the trial of those issues, and the trial court entered a default judgment against him on those issues. McDonald filed a timely motion to set aside the default judgment, and the trial court denied the motion. After this Court released its opinion on the second appeal of this case, 585 So.2d 853, the trial court held a hearing on the issue of damages on the breach of contract claim and the claims alleging conversion of the steel and the Lincoln Town Car and entered an order awarding damages on those claims.
McDonald argues that the trial court erred in entering a default judgment against him on the issues of whether he had breached the employment contract and whether he had converted the steel.
The entry of a default judgment under Rule 55(b)(2), A.R.Civ.P., is within the trial court’s discretion and, “[although default judgments are not favored, when the adversary process has been halted because of an essentially unresponsive party the diligent party must be protected from undue delay.” McBride v. McBride, 380 So.2d 886, 888 (Ala.Civ.App.1980). Under the circumstances of this case, this Court concludes that the trial court did not abuse its discretion in entering the default judgment in favor of U.S. Die Casting and Slyman.
McDonald also argues that the trial court erred in awarding damages to U.S. Die Casting and Slyman on the claims alleging breach of the employment contract and conversion of the steel and the Lincoln Town Car. Reviewing the record, however, we find sufficient evidence to support the trial court’s award of damages on those three claims.
McDonald raises several other issues on this appeal; however, because of this Court’s disposition of those issues in previous proceedings before this Court, we pre-termit discussion of those issues.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.