The plaintiff, John W. McDonald, appeals from a summary judgment for the defendants, U.S. Die Casting and Development Company, Inc. ("the company"), and David J. Slyman, the chairman of the company's board of directors and its principal shareholder, in this action seeking damages for breach of contract. We affirm.
These parties have been before this Court on three previous occasions, each case bearing the style McDonald v. U.S. DieCasting Development Co. See 612 So.2d 1161 (Ala. 1992);585 So.2d 853 (Ala. 1991); and 541 So.2d 1064 (Ala. 1989). These cases present a thorough history of this litigation. For purposes of this appeal, however, we note only that McDonald's action was based on allegations that the company terminated his employment in violation of his employment contract. The trial court based its judgment for the defendants on this Court's holding in McDonald v. U.S. Die Casting Development Co.,612 So.2d 1161 (Ala. 1992). In that case, we affirmed a default judgment for the company and Slyman on their separate claim that McDonald had materially breached the employment contract by failing to perform his job in a satisfactory manner. Thus, the parties are now at issue as to whether McDonald's claim for breach of contract was foreclosed by that default judgment, under the doctrine of res judicata.
After carefully reviewing the record in this case, especially paragraph 5(c) of the employment contract (which gave the company the right to terminate McDonald's employment "for cause, including, without limitation, . . . [his] failure or refusal to perform his obligations" to the company), we conclude that there is no genuine issue of material fact and that the defendants were entitled to a judgment as a matter of law. See Rule 56, Ala.R.Civ.P. After previously entering a judgment by default determining that McDonald had failed to perform his obligations under the employment contract, the trial court had no alternative to entering the summary judgment for the defendants in the present case. It is well settled that once an issue has been litigated and a final judgment *Page 434 
has been entered on the merits, any further litigation of that issue by the same parties is barred. See Whisman v.Alabama Power Co., 512 So.2d 78 (Ala. 1987). Once McDonald's failure to perform under the employment contract was determined by the default judgment, he was precluded from relitigating that issue.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.