I concur in the affirmance of that portion of the summary judgment in favor of Alfa on the claims alleging bad faith failure to investigate, defend, and indemnify.
I concur in the result as to the affirmance of the $102,032.33 award to Nationwide on its claim for contribution from Alfa.
The majority holds that Alfa and Nationwide are both primary insurers of Friedlander Realty, Inc., in regard to the occurrence giving rise to the loss. This is an action by one primary insurer against another primary insurer.
The Alfa policy provides: "This insurance is primary except when b. below applies." I agree with the majority that "b." is not applicable. However, the policy then provides: "If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below."
The "c. below," which is not quoted in the majority opinion, applies:
"c. Method of Sharing
 "If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first."
So far as I can determine, the Nationwide policy does not expressly permit contribution by equal shares. It expressly requires proportional contribution among excess insurers, but does not address contribution among primary insurers. Therefore, the following portion of Alfa's policy would apply:
 "If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers." *Page 564 
This is exactly what the trial court ordered. Therefore, the trial court did not err.
I agree that it was improper to enter the summary judgment for Hall on the breach of contract claim. The indemnity provision in the management agreement is ambiguous, and it must be construed by the trier of the facts:
 "Owner agrees to save agent harmless from all damage suits and claims arising in connection with said property and from all liability for injuries
to persons or property while in, on, or about the premises. Owner agrees to carry, at his own expense, appropriate amounts of public liability insurance and such other liability insurance as may be reasonably applicable to this property [;] said policies shall be so endorsed as to protect agent in the same manner and to the same extent as owner."
(Emphasis added.)
It appears that the owner's obligation as stated in the first sentence could be construed to be limited to the owner's responsibility in the second sentence — "to carry . . . public liability insurance . . . [endorsed so as] to protect agent in the same manner and to the same extent as owner." Whether a contract is ambiguous is a question of law for the Court. If it is ambiguous, then the ambiguity must be resolved by the trier of the facts. See Cabnetware, Inc. v. Birmingham Saw Works,Inc., 614 So.2d 1034, n. 2 (Ala. 1993); see, also, McDonald v.U.S. Die Casting Development Co., 585 So.2d 853 (Ala. 1991).
Therefore, I would reverse and remand for the trier of the facts to resolve the ambiguity; in this regard, I dissent.