The plaintiff, Jimmy H. Mann, sued "CellularOne; GTE Mobile Net Cellular, Inc., formerly known as Contel Cellular"[1] (referred to herein as "GTEM"), alleging fraudulent misrepresentation, fraudulent suppression, and breach-of-contract arising out of GTEM's practice of "rounding up" or charging to the next full minute of airtime, even if the subscriber has remained connected for only one second beyond the previous full minute.
Mann moved for the certification of a plaintiff class, but his motion for class certification was denied after an evidentiary hearing. The trial court found that Mann had failed to show that the proposed class satisfied the requirements of commonality and typicality set forth in Rule 23(a)(2) and (3), Ala.R.Civ.P. We set forth below, in pertinent part, the trial court's order denying class certification, which reflects a thorough and thoughtful review of the issues:
 "This case is before the Court on Plaintiff's motion to certify a class. The Court has reviewed the pleadings, the court file, *Page 152 
the Plaintiff's motion for class certification and all documents submitted in support of that motion, and the Defendant's opposition to the motion for class certification and all documents submitted in opposition to the motion for class certification. A hearing was held on the motion for class certification on February 21, 1997.
 "The Court granted the parties seven months, including extensions . . ., to conduct class discovery. The Court provided Plaintiff with a full opportunity (including an evidentiary hearing) to develop `sufficient evidence' to satisfy his Rule 23 burdens. Having considered all pleadings, motions, briefs, and arguments of counsel carefully, for the reasons that follow, the Court denies Plaintiff's motion for class certification.
"BACKGROUND
 "Plaintiff Jimmy Mann seeks to represent a class of `All CellularOne and GTE subscribers [in] the State of Alabama who entered into a cellular service agreement on or after December 9, 1989, whose cellular service agreement would prohibit the "rounding up" of the air time they incur for purposes of billing, who have been subject to having the air time they incur "rounded" up to the next full minute, and whose past or present accounts have not been [in] arrears at any time during the course of this action. Excluded from the Class are all subscribers who are employees or officers of defendants or members of their immediate families.'[1]
 "Plaintiff alleges that GTEM[2] bills for cellular phone calls in per-minute increments, rounding up the time of each call to the next full minute. He also alleges that GTEM has not disclosed this billing method to its customers. His complaint asserts claims for breach of contract and misrepresentation and seeks compensatory and punitive damages as well as injunctive relief.
 "GTEM argues that Plaintiff has not carried his burden of presenting sufficient evidence that he has satisfied Rule 23's requirements. GTEM argues that class certification is not appropriate because individual issues of fact and law will predominate over any common issues. GTEM has submitted numerous affidavits from customers and sales personnel, as well as other relevant documents, to show that there are numerous individual issues that will have to be adjudicated if this case were to proceed as a class action.
"DISCUSSION
 "In order to obtain class certification, the plaintiff must establish all of the criteria set forth in Rule 23(a) of the Alabama Rules of Civil Procedure and one of the criteria set forth in Rule 23(b). Ex parte Gold Kist, Inc., 646 So.2d 1339, 1341 (Ala. 1994). Plaintiff's `burden is one of presenting "sufficient evidence" to satisfy the requirements of Rule 23.' Ex parte Green Tree Fin. Corp., 684 So.2d 1302, 1308 (Ala. 1996). This court must go behind the pleadings in making a certification determination, `as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.' Castano v. American Tobacco Company, 84 F.3d 734, 744 (5th Cir. 1996). Castano is particularly instructive because it directs the court to focus the class certification analysis on `how a trial on the merits would be conducted,' before certifying a putative class. [Id. at 740.]
"A. Rule 23(a)
 "Rule 23(a) requires Plaintiff to come forward with sufficient evidence . . . (1) [that] the class is so numerous that joinder of all members is impractical, (2) [that] there are questions of law or fact common to the class, (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) [that] the representative parties will fairly and adequately represent the interests of the class. The Court finds that Plaintiff has failed to adduce sufficient evidence that the proposed class satisfies the commonality and typicality requirements.
"1. Common Questions of Law or Fact
 "Plaintiff asserts that there are issues common to the putative class members, including: whether GTEM engaged in *Page 153 
rounding up; whether its conduct deceived its customers; whether GTEM was guilty of negligent or intentional misrepresentation; whether the Defendant's conduct violated Alabama law; and whether injunctive relief and damages should be awarded.
 "GTEM argues that the issues described as common by Plaintiff will actually require individual analysis for resolution. In particular, GTEM argues that if this case were to proceed as a class action, the Court would have to hear testimony from each putative class member regarding: the nature and subject matter of each putative class member's conversations with GTEM sales representatives or agents; his or her understanding of GTEM's per-minute billing practice; the intent of the parties with respect to billing practices; and the collateral sales materials that he or she received at the time of subscription. GTEM contends that this type of individual analysis will be required with respect to both Plaintiff's breach of contract and fraud claims. GTEM argues that this Court cannot presume that each customer was unaware of the per-minute billing practice, and in support of this argument it has submitted the affidavits of several GTEM customers who have testified that they were aware of this practice at the time they signed their CellularOne contracts.
 "In assessing this element, the Court notes that it must look beyond the pleadings to the proof required for each claim in order to make a meaningful determination of the certification issues. Castano, 84 F.3d at 744 . . . .
". . . .
 "As to his breach of contract claim, Plaintiff argues that GTEM has used `common contracts' which do not adequately disclose its per-minute billing practice. Accordingly, he argues, the question of whether per-minute billing violates the common contracts is capable of common resolution. GTEM argues that it has used different contracts at different times, some of which contain express disclosures of the per-minute billing practice. GTEM also argues that Plaintiff can prevail on his breach of contract claim only if GTEM's agreements unambiguously prohibit rounding up. If the agreements are ambiguous, however, the Court would have to question every putative class member about his or her understanding of the meaning of the term `per minute' to decide whether that customer's contract was breached.
 "The Court agrees that each of these individual questions would have to be addressed to resolve every class member's potential contract claim. The Court is not willing to accept Plaintiff's argument that his cellular service agreement unambiguously prohibits GTEM from rounding up. To reach this conclusion, the Court would have to hold, as a matter of law, that the agreement's references to `per minute' actually mean `per second,' `per six seconds,' or per some other increment. The Court finds that when viewed in a light most favorable to the plaintiff, at best this portion of the contract is ambiguous. Thus, the same individual issues that exist with respect to Plaintiff's fraud claims also exist with respect to Plaintiff's breach of contract claim.
 "There is also evidence that the monthly bills each class member receives from GTEM reflect charges based on full-minute increments. This raises the question of whether receipt of the bills put potential class members on notice that GTEM billed on a per-minute basis. Additionally, Defendant has submitted copies of brochures that it provided to at least some of its customers, and these specifically describe the per-minute billing practice. Whether or not a particular putative class member received and read any of these materials would affect the analysis of both claims. The results of this individual analysis would dictate whether a particular class member could prove misrepresentation, reliance, and breach of contract. These are additional individualized inquiries that cannot be decided on a common, classwide basis. The Court concludes that Plaintiff has failed to present sufficient evidence that he has satisfied the commonality requirement.
". . . . *Page 154 
 "The burden of proving each of the four prerequisites of Rule 23(a) is on the Plaintiff, and he has failed to meet that burden in this action. Ex parte Blue Cross and Blue Shield of Alabama, 582 So.2d 469, 475 (Ala. 1991).
". . . .
"CONCLUSION
 "In short, the Court finds that the Plaintiff has failed to meet his burden of presenting sufficient evidence that he has satisfied each of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). For the foregoing reasons, the Plaintiff's motion to certify a class is denied. _______________
 [1] "This is a revised class definition. Plaintiff's Complaint and Motion to Certify a Rule 23 Class sought certification of `all CellularOne and GTE Mobile Net Cellular, Inc., formerly known as Contel Cellular[,] subscribers throughout the State of Alabama who have been billed for cellular service by the defendants and have been subject to having the air time they incur "rounded" up (as described above) to the next full minute. Excluded from the class are all subscribers who are employees or officers of defendants or members of their immediate families.' Complaint at ¶ 12; Plaintiff's Memorandum in Support of Motion to Certify Class at 1.
 [2] "Defendant has indicated that its proper designation is `GTE Mobilnet of Birmingham, Incorporated, d/b/a CellularOne and formerly known as Contel Cellular of Birmingham, Inc.' This entity will be abbreviated as `GTEM.'"
(Emphasis added.)
Although an order denying class certification is an interlocutory order, it is nevertheless an appealable "final" order because it "finally determines a claim of right separate from and collateral to the rights asserted in the cause of action" and makes further judicial proceedings in the action ineffective. Butler v. Audio/Video Affiliates, Inc., 611 So.2d 330, 331 (Ala. 1992) (emphasis original). The question whether to certify a class is in the sound discretion of the trial court, and so long as the trial court considers the correct criteria in making its determination, we review its exercise of discretion to determine only whether the trial court has abused its discretion. Adams v. Robertson,676 So.2d 1265, 1270 (Ala. 1995), cert. dismissed as improvidently granted, 520 U.S. 83 (1997); First Alabama Bank of Montgomery, N.A. v. Martin, 425 So.2d 415, 423 (Ala. 1982), cert. denied,461 U.S. 938 (1983).
Mann contends that the trial court abused its discretion in denying class certification as to the breach-of-contract claim on the grounds of lack of typicality, lack of commonality, and unmanageability.[2] The thrust of Mann's breach-of-contract claim is that GTEM's practice of "rounding up" to the next minute when it bills its customers for airtime violates the terms of its contract that provide that GTEM will bill its customers for "use" of the service. Mann argues that rounding up allows GTEM to charge for "unused" airtime, contrary, he says, to the unambiguous terms of the contract.[3] GTEM agues that Mann cannot establish commonality because, it says, its cellular service contracts are ambiguous as to per-minute billing, and it would require testimony from each member of the class on the issue of the member's understanding of the term "per minute" to determine whether there had been a breach of contract. Because we conclude that the trial court did not abuse its discretion in finding a lack of commonality, we affirm.
It is axiomatic that the question whether a contract is ambiguous is for the trial court. Underwood v. South Cent. Bell Tel. Co., 590 So.2d 170 (Ala. 1991). Once the trial court has determined that an ambiguity exists in a contract, resolving that ambiguity becomes a task for the jury. McDonald v. U.S. Die Casting Dev. Co., 585 So.2d 853 (Ala. 1991). The evidence necessary to guide the jury in determining the meaning of an *Page 155 
ambiguous contract provision includes the surrounding circumstances and the construction the parties gave the language. Fouts v. Beall, 518 So.2d 1236 (Ala. 1987).
The trial court correctly determined that the language of GTEM's contract regarding its per-minute billing practices is ambiguous. The contract is susceptible to more than one reasonable interpretation by the various members of the proposed class. Mann acknowledges that the contracts uniformly provide for "per-minute" billing. We agree with the trial court's finding that one cannot read the reference to "per minute" in the contracts as meaning "per second" or "per six seconds" or per some other increment. Compare First American National Bank of Nashville v. Hunter, 581 S.W.2d 655
(Tenn.Ct.App. 1978), where the question of commonality of class allegations was considered in the context of a contract provision calling for "interest at ____% per annum." 581 S.W.2d at 657-58. The court, upholding the denial of certification of a class, held that the phrase "per annum" did not indicate exactly how the interest should be computed for less than a year, and that, therefore, that ambiguity must be resolved by inquiring into the actual intent of the parties as to the meaning of the phrase. Id.
The conclusion that the contract is ambiguous is fatal to Mann's claim. He cannot satisfy the commonality requirement of Rule 23(a)(2) as to questions of fact, because the evidence necessary to resolve those questions of fact will vary from case to case. Therefore, we pretermit discussion of the other issues raised by Mann.
The trial court's order denying class certification is hereby affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, See, and Brown, JJ., concur.
Cook, J., dissents.
[1] GTEM states in documents filed in this case and in its brief on appeal that there is only one defendant in this case and that that defendant is "GTE Mobilnet of Birmingham Incorporated, d/b/a CellularOne, and formerly known as Contel Cellular of Birmingham, Inc."
[2] Mann does not challenge the trial court's order denying class certification as to the fraud claims, nor does he challenge the trial court's determination that neither Rule 23(b)(1)(B) nor Rule 23(b)(2) is applicable.
[3] At one point in his brief to this Court, Mann contends that the agreement unambiguously prohibits "rounding up," but he later states: "Viewed in isolation, the Service Plan is worse than ambiguous — it is devoid of meaning." (Mann's brief at 36.)