On Rehearing Ex Mero Motu

THOMPSON, Judge.
The opinion of November 21, 2003, is withdrawn, and the following is substituted therefor:
Allstate Insurance Company filed a declaratory-judgment action against Dothan Outdoor Equipment, Inc. (“DOE”), Jerry Steven Miller, and Joseph Ed Raspberry on August 14, 2002. DOE had contracted with Allstate for' a business automobile insurance policy. Allstate sought to have the trial court declare that it was not obligated to defend or indemnify DOE in a suit brought by Miller for injuries he received in an automobile accident. On October 18, 2002, Allstate amended its complaint to add Thurston Allen as a defendant.
On November 13, 2002, Allstate filed a motion for a summary judgment. DOE and Miller filed responses to Allstate’s motion for a summary judgment. On March 25, 2003, the trial court entered a summary judgment in favor of Allstate, finding that Allstate had no duty to defend DOE or to pay any judgment rendered against DOE. Miller filed a “motion to reconsider” with the trial court on April 23, 2003; the trial court denied that motion. Miller appealed to the Alabama Supreme Court; which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for a summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). “When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact.” Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999) (citing Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989)). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The undisputed facts are as follows. DOE sells and repairs lawn and garden equipment. In early December 2000, Raspberry took his Kawasaki Mule[1] to DOE for repairs. Raspberry delivered the Mule to DOE on his personal trailer and left his trailer at DOE until the repairs on the Mule were completed. On December 7, 2000, Raspberry arrived at DOE to pick up the repaired Mule. The repairs performed on the Mule included installing a new grille. The new grille made it necessary to transport the Mule on a larger trailer. Raspberry asked Bruce Baker, an employee of DOE, if he could borrow a *501 trailer to transport the Mule home. Baker referred Raspberry to Chris Clardy, a DOE manager, who informed Raspberry that company policy prohibited customers from borrowing DOE trailérs. Clardy offered Raspberry the use of his personal trailer that he had on the business premises that day.[2] Clardy informed Raspberry that if anything happened while Raspberry was transporting the Mule on Clardy’s trailer, Raspberry would be responsible.
An employee of DOE loaded the Mule on the trailer, and Raspberry hooked the trailer to his truck. David Abel, another employee of DOE, assured Raspberry that the Mule was secured onto the trailer.[3] Raspberry left DOE’s premises, pulling the trailer with the Mule loaded on it. While headed home, the Mule came off of the trailer, collided with a truck driven by Allen, who then collided with Miller. Miller sustained personal injuries.
Miller contends on appeal that the trailer Raspberry pulled the Mule with was not excluded from coverage under the business automobile insurance policy issued to DOE by Allstate. To determine an insurance company’s duty to defend, we look to the language of the insurance , policy and to the allegations in the complaint that gave rise to the cause of. action against the insured. American States Ins. Co. v. Martin, 662 So.2d 245 (Ala.1995). We must look to the face of Miller’s complaint, as well as to the facts proven by admissible evidence, to determine whether Allstate should be required to defend DOE. Tapscott v. Allstate Ins. Co., 526 So.2d 570 (Ala.1988). Insurance contracts must be enforced as written, and judicial interpretation of such contracts cannot defeat their express provisions, including ex-elusions. Gardner v. Cumis Ins. Soc’y, Inc., 582 So.2d 1094 (Ala.1991).
We first consider DOE’s policy. Miller specifically contends that the “completed operations” exclusion in the policy does not negate Allstate’s obligation to defend or indemnify DOE. The policy states, in pertinent part:
“10. Completed Operations
“‘Bodily injury”, or ‘property damage’ arising out of your [DOE’s] work after that work has been completed or abandoned. In this exclusion, your work means:
“a. Work or operations performed by you or on your behalf; and “b. Materials, parts or equipment furnished in connection with such work or . operations.
“Your work includes warranties and representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraphs a. or b. above.
‘Your work will be deemed complete at the earliest of the following times:
“(1) When all the work called for in your contract has been completed.
“(2) When all of the work to be done at the site, has been completed if your contract calls for work at more than one site.
“(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
“Work that may need service, maintenance, correction, repair or replacement, *502 but which is otherwise complete, will be treated as completed.”
(Bold typeface in original.)
The dispositive issue on appeal is whether the delivery of the Mule to Raspberry’s home was necessary to effectuate a “completed operation” provided for in DOE’s policy ás an exclusion to coverage.[4] Miller cites our supreme court’s holding in Southern Guaranty Insurance Co. v. Scott, 289 Ala. 159, 266 So.2d 602 (1972), and contends that it governs the outcome of the issue presented on appeal. However, the facts in Scott are distinguishable from the facts in this case. In Scott, the insured sold anhydrous ammonia (liquid nitrogen) to farmers as fertilizer. The insured would provide a farmer with a full “nurse tank” of the fertilizer. The farmer then took the “nurse tank” to his farm, used the amount of fertilizer needed, and returned the unused portion. The insured weighed the unused portion still in the tank and billed the farmer for the amount used.
The farmer in Scott was injured when he attempted to transfer the fertilizer from the tank provided by the insured to an applicator that also was provided by the insured. The supreme court held that the farmer’s injury did not fall within the “completed operations” exclusion in the insured’s policy. In so holding, the supreme court determined that the insured’s fertilizer operation involved the furnishing of equipment and that all fertilizer purchasers were provided with the equipment.
In this case, the deposition testimony of Raspberry revealed that he had transported the Mule on his own personal trailer to DOE for repairs. Raspberry contracted with DOE to repair the Mule. DOE notified Raspberry that the repairs had been completed and that the Mule was ready to be picked up. However, Raspberry’s trailer was too small to carry the repaired Mule. Raspberry used the personal trailer of a DOE employee to carry the Mule back to his home. Raspberry left his personal trailer at DOE. Clardy and Abel stated in deposition testimony that DOE’s company policy was not to’ lend company trailers to customers. According to Clardy, DOE would pick up a customer’s item in need of repair if that was necessary to keep the customer happy; however, transporting items to and from customers was not a typical practice.
Raspberry contracted with DOE to repair the Mule. Contrary to Miller’s assertion on appeal, DOE’s work was complete at the time DOE informed Raspberry that the Mule was repaired. Unlike in Scott, the use of DOE’s equipment was not generally offered as a service by DOE. In this instance, the trailer used by Raspberry was actually owned by a DOE employee and not by the company. Raspberry’s initial delivery of the Mule to DOE indicates that DOE’s “work” began after the Mule was delivered to DOE’s premises and not before. The policy expressly excluded coverage for completed operations, and, therefore, the policy did not cover Miller’s claim because the damage occurred after DOE had completed the repairs to the Mule. See R.A. Owens Constr. Co. v. Employers Ins. Co. of Alabama, 392 So.2d 1180 (Ala.1981)(affirming judgment of trial court finding that insurer was not obligated to defend where policy excluded completed operations and damage did not occur within the policy period). Because the accident in which Miller was injured was excluded from coverage, there was no duty for Allstate to defend against Miller’s claim. Therefore, there was no genuine *503 issue of material fact for the trial court to consider and summary judgment was proper.
Miller further contends on appeal that the “completed operations” exclusion Allstate relies on is ambiguous.[5]
“ ‘The issue whether a contract is ambiguous or unambiguous is a question of law for a court to decide. McDonald v. U.S. Die Casting & Dev. Co., 585 So.2d 853, 855 (Ala.1991). “If the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court....” Id. ...
“ ‘ “The test to be applied by [a] court in determining whether there is ambiguity is not what the insurer intended its words to mean, but what a reasonably prudent person applying for insurance would have understood them to mean.” Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 21:14, pp. 21-23 (3d ed. 1997).... In determining whether an ambiguity exists, a court should apply the common interpretation of the language alleged to be ambiguous. See Alabama Farm Bureau Mut. Cas. Ins. Co. v. Goodman, 279 Ala. 538, 541, 188 So.2d 268, 270 (1966). This means that the terms of an insurance policy should be given a rational and practical construction. Green v. Merrill, 293 Ala. 628, 308 So.2d 702 (1975). Also, a court cannot consider the language in the policy in isolation, but must consider the policy as a whole. Turner v. United States Fidelity & Guar. Co., 440 So.2d 1026 (Ala.1983).’ ”
Nationwide Ins. Co. v. Rhodes, 870 So.2d 695, 696-97 (Ala.2003)(quoting State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293, 308-09 (Ala.1999)).
Miller argues that an ambiguity exists in the “completed operations” exclusion because “your work” is defined but “work” is not defined. The insurance policy issued to DOE defines “your work” as “[w]ork or operations performed” and “[mjaterials, parts or equipment furnished in connection with such work.”
Although “work” is not separately defined in the policy, Alabama courts have previously held that terms used in an insurance policy should be given a rational and practical construction. Nationwide Ins. Co., supra. In interpreting the language of an insurance policy, the courts must give the words used in the policy “their customary and normal meaning,” Sullivan v. State Farm Mut. Auto. Ins. Co., 513 So.2d 992, 994 (Ala.1987), and the court must construe the policy in a manner consistent with the interpretation that an ordinary person would place on the policy’s language. Western World Ins. Co. v. City of Tuscumbia, 612 So.2d 1159 (Ala.1992). Under this standard, if the words are reasonably certain in their meaning, they are not ambiguous as a matter of law, and the rule of construction in favor of the insured does not apply. B.D.B. v. State Farm Mut. Auto. Ins. Co., 814 So.2d 877 (Ala. Civ.App.2001). Given the reasonable certainty of the definition of the term “work” as used in the policy, we cannot say that Allstate’s failure to include a specific definition for the term “work,” outside of the definition given for the phrase “your work,” renders the exclusion provision ambiguous.
ON REHEARING EX MERO MOTU: OPINION OF NOVEMBER 21, 2003, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
*504 YATES, P.J., and PITTMAN, J., concur.
MURDOCK, J., concurs in the result, without writing.
CRAWLEY, J., dissents, with writing.

. A Mule is an all-terrain vehicle.

. Clardy did not usually keep his personal trailer at DOE's place of business.

. Deposition testimony indicates that Abel engaged the parking brake of the Mule and that he pulled on the Mule to demonstrate that it was secure.

. In its motion for a summary judgment, Allstate noted that it also contended that the trailer was not a covered "auto,” but it did not assert that point as a basis for its motion for a summary judgment. However, Allstate stated that it fully preserved that ground as a basis for noncoverage.

. Allstate contends that the issue of ambiguity was not preserved for this court's consideration on appeal. However, Miller contended that the policy was ambiguous in his first pleading to the trial court.