[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

No. 08-15706
Non-Argument Calendar

_____

D. C. Docket No. 07-01614-CV-2-IPJ

LEICA GEOSYSTEMS, AG,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY, AL,
BETTYE FINE COLLINS,
in her official capacity as President of the
Jefferson County, Alabama Commission,
SHEILA SMOOT,
JIM CARNS,
BOBBY HUMPHRYES,
in their official capacity as members of the
Jefferson County, Alabama Commission, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 29, 2009)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Leica Geosystems, AG appeals the summary judgment in favor of Jefferson County, Alabama, and members of the Jefferson County Commission, and against its complaint of breach of contract and breach of warranty of the letter of credit. We affirm.

## I. BACKGROUND

In 2001, Jefferson County submitted to potential vendors a request for bids to upgrade the computer software for the Board of Equalization and the Tax Assessor. The request required bidders to be solvent and to supply a performance bond equal to the value of the contract. NovaLIS submitted a low bid in the hope that it would win the project, which it could use to increase its client base and cultivate future business. Because NovaLIS could not provide the required performance bond, NovaLIS requested that Jefferson County instead accept a letter of credit.

Jefferson County awarded a portion of the contract to NovaLIS, and Jefferson County agreed to accept a letter of credit from NovaLIS. The Board of Directors of NovaLIS requested that its minority shareholder, Leica, fund the letter of credit. Leica agreed and obtained a standby letter of credit of 1,616,000 dollars

2

that listed Leica as the applicant and Jefferson County as the beneficiary.

In April 2002, NovaLIS and Jefferson County executed an integrated tax system agreement. The agreement provided that NovaLIS would develop, deliver, and install the software, and provide technical support and training, and Jefferson County would pay for those goods and services and retain rights to the software. Section 5.4 of the agreement stated that Jefferson County agreed to accept a letter of credit in lieu of a performance bond; explained that the purpose of the letter of credit was to "mitigat[e] Jefferson County's actual losses"; stated that Jefferson County would remit to NovaLIS the difference between the amount of the letter of credit and the actual loss; and outlined the terms of the letter of credit. The section stated that the letter of credit would "be attached hereto as schedule D." Schedule D stated that "The Letter of Credit applied for by Leica Geosystems AG, of Heerbrugg, Switzerland, executed in favour of Jefferson County on [date omitted from the schedule], 2002 is incorporated herein by reference without attaching a copy of the LOC herein, and each party acknowledges having received a copy of the Letter of Credit." The contract also included a non-transferability clause and prohibited assignment of the contract "without the prior written consent of the other party." The agreement also denied both parties the "authority or power to bind or contract in the name of or to create any liability against the other party in

3

any way for any purpose."

NovaLIS missed several deadlines and failed to complete the project, but Jefferson County paid NovaLIS over 1.4 million dollars. In March 2005, Jefferson County sent a letter to NovaLIS terminating their contract because of the "breaches or defaults of material provisions" of the agreement by NovaLIS. NovaLIS attempted to deliver a workable product in September and November 2005, but Jefferson County alleged that the software did not function properly. In October 2005, Leica sold its minority interest in NovaLIS to ESRI Canada Ltd. In a share purchase agreement executed by NovaLIS, Leica, and ESRI, NovaLIS agreed to hold in trust, and waive "any right, title or interest" in, any money remitted by Jefferson County.

In November 2005, NovaLIS filed a petition under the Bankruptcy and Insolvency Act of Canada. In January 2006, Jefferson County drew the entire amount of the letter of credit. NovaLIS later sold its assets and intellectual property and notified Jefferson County that it was terminating the agreement. Leica notified Jefferson County that it sought an accounting and reimbursement under the letter of credit. Jefferson County denied the request.

Leica filed a complaint that Jefferson County failed to account for and remit the difference between the amount of the letter of credit and its actual loss. Leica

4

alleged that the failure to remit breached section 5.4 of the agreement and breached the warranty by Jefferson County as the beneficiary of the letter of credit, Ala. Code § 7-5-110(a)(2). Leica moved for summary judgment. Jefferson County and the members of the Jefferson County Commission also moved for summary judgment and argued that Leica lacked standing to sue for an alleged violation of the agreement. Leica responded that it had standing as a third-party beneficiary of the agreement and as the applicant for the letter of credit. The district court granted summary judgment in favor of Jefferson County.

## II. STANDARD OF REVIEW

We review a summary judgment de novo and view the evidence in the light most favorable to the party that opposes the motion. Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1230 (11th Cir. 2006). Summary judgment should be entered where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Leica challenges two aspects of the summary judgment in favor of Jefferson County. Leica argues that it may maintain a claim for breach of warranty. Leica also argues that it was a third-party beneficiary to the agreement between Jefferson County and NovaLIS. These arguments fail.

5

Leica cannot maintain a claim against Jefferson County for breach of warranty of the letter of credit. An applicant for a letter of credit may bring a cause of action for a breach of warranty against the beneficiary if it draws on the letter of credit "in violation of its authorization." Ala. Code § 7-5-110(a)(2) cmt. n.2. When a beneficiary draws on a letter of credit, it "warrants . . . to the applicant that the drawing does not violate any agreement between the applicant and beneficiary or any other agreement intended by them to be augmented by the letter of credit." Ala. Code § 7-5-110(a)(2). The warranty guarantees "that the beneficiary has performed all the acts expressly and implicitly necessary under any underlying agreement to entitle [it] to honor" the letter of credit. Id. cmt. n.2. Lecia argues that Jefferson County violated section 5.4 of the agreement because it failed to account for and remit the difference between the amount of the letter of credit and its actual loss, but Lecia focuses incorrectly on conduct expected of Jefferson County after it drew on the letter of credit. The requirement that Jefferson County remit payment to NovaLIS did not "create[] a condition for honoring a draft." Pringle-Associated Mortgage Corp. v. S. Nat'l Bank of Hattiesburg, Miss., 871 F.2d 871, 874 (5th Cir. 1978) (ruling that a contract between the beneficiary, a mortgage company, and the applicants, developers of an apartment complex, was irrelevant to the interpretation of and the duty of the issuer to honor the letter of

6

credit). Leica failed to argue or present substantial evidence that Jefferson County "drew in violation of its authorization." Ala. Code § 7-5-110 cmt. n.2.

Lecia also is not a third-party beneficiary of the agreement between Jefferson County and NovaLIS. The agreement states that it "shall be construed in accordance with the law of the State of Alabama." Under Alabama law, "the party claiming status as a third-party beneficiary must establish that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon the third party." Airlines Reporting Corp. v. Higginbotham, 643 So. 2d 952, 954 (Ala. 1994); see H.R.H. Metals, Inc. v. Miller, 833 So. 2d 18, 24 (Ala. 2002). "In determining the parties' intent, [a court] must first look to the contract itself, because, while 'the intention of the parties controls in construing a written contract,' 'the intention of the parties is to be derived from the contract itself, where the language is plain and unambiguous.'" Airlines Reporting Corp., 643 So. 2d at 954 (quoting Loerch v. Nat'l Bank of Commerce of Birmingham, 624 So. 2d 552, 553 (Ala. 1993)). Only when the contract is ambiguous does it "become necessary to consider the surrounding circumstances and the construction the parties gave the language in order to determine the intent of the contracting parties." H.R.H. Metals, Inc., 833 So. 2d at 24 (citing Mann v. GTE Mobilnet of Birmingham, Inc., 730 So. 2d 150 (Ala. 1999)).

7

Section 5.4 of the agreement is not ambiguous and does not confer any direct benefit on Leica. Section 5.4 required NovaLIS to provide a letter of credit on which Jefferson County was allowed to draw "upon a failure of NovaLIS to fulfill a material condition or upon termination of [the] Agreement . . . where NovaLIS is the defaulting party." If it drew on the letter of credit, Jefferson County was required to "promptly remit the difference between" the amount of the letter of credit and its actual loss "to NovaLIS." Section 5.4 provided for the letter of credit to "be attached hereto as schedule D[,]" but did not state that Leica had any rights as applicant for the letter of credit. The plain language of the contract does not establish that Leica is a third-party beneficiary.

Even if the contract were ambiguous and we considered, as Leica requests, the circumstances surrounding the formation of the contract, those circumstances do not establish that Leica is a third-party beneficiary of the agreement. Leica argues that NovaLIS and Jefferson County "knew and intended that Leica would benefit from the parties' performance of the Contract," but the role Leica served did not alter the fundamental purpose of the agreement to engage in a mutually beneficial business transaction. Jefferson County contracted for NovaLIS to devise and implement software and, in return, NovaLIS enlarged its client base. The agreement at most would have benefitted Leica indirectly. If NovaLIS had

successfully completed the project, it might have parlayed that experience into future business and indirectly increased the value of the stock held by Leica. Leica argues that it wrote a letter to Jefferson County that stated it "was backing NovaLIS's performance," but the letter did not convey that Leica was reliant on or would obtain any direct rights as a result of the contract. See Beverly v. Macy, 702 F.2d 931, 940, 941 (11th Cir. 1983) (determining the intent of the parties from the "circumstances surrounding its formation" and "reliance on the part of the putative third-party beneficiary"). Leica wrote the letter to assure Jefferson County that NovaLIS was solvent; as stated by a representative of Leica, "[t]he intent of the letter was to say that NovaLIS, being a small company, is nevertheless owned through shareholding by some bigger companies . . . [s]uch as Leica."

## IV. CONCLUSION

The summary judgment in favor of Jefferson County is **AFFIRMED**.